# IN THE STATE COURT OF MUSCOGEE COUNTY

## STATE OF GEORGIA

LYDIA G. BECK, Individually and as Executor )
of the ESTATE OF OLETA L. GOGGANS, )
)                                    **CIVIL ACTION**
       **Plaintiff,** )
)                                    **FILE NO.:** SC11CV1134
v. )
)
EMERITUS CORPORATION Operating as )
EMERITUS AT HERITAGE HILLS, )
)
       **Defendant.** )

GEORGIA, MUSCOGEE COUNTY
CLERK'S OFFICE, STATE COURT
FILED IN OFFICE

JUN 2 3 2011

AT 110 P

DEPUTY CLERK STATE COURT

## COMPLAINT FOR DAMAGES

### SUMMONS

TO THE ABOVE NAMED DEFENDANT:

    You are hereby summoned and required to file with the Clerk of said Court and serve upon the Plaintiff's attorney, whose name and address is:

> **Daniel W. Cotter, Esq.**
> **Manning Leipold Building**
> **910 Church Street, Suite 202**
> **Decatur, GA 30030**

an answer to the Complaint which is served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the Complaint.

This 23 day of June 2011.

M. Linda Pierce
Clerk of State Court

By: _____
     Deputy Clerk

---

Instructions: Attach addendum sheet for additional parties if needed, make notation on this sheet if addendum sheet is used.
COC SC-1 Revised 12-99


EXHIBIT
b

**IN THE STATE COURT OF MUSCOGEE COUNTY**

**STATE OF GEORGIA**

GEORGIA, MUSCOGEE COUNTY
CLERK'S OFFICE, STATE COURT
FILED IN OFFICE

JUN 2 3 2011

AT ___11̸0̸__ P̸ ̸X̸
DEPUTY CLERK STATE COURT

LYDIA G. BECK, Individually and as Executor )
of the ESTATE OF OLETA L. GOGGANS, )
                                        )    **CIVIL ACTION**
                     **Plaintiff,**     )
                                          )    **FILE NO.:** _SC11CV1134_
v.                                    )
                                          )
EMERITUS CORPORATION Operating as )
EMERITUS AT HERITAGE HILLS, )
                                          )
                    **Defendant.**     )

## COMPLAINT FOR DAMAGES

COMES NOW the Plaintiff, LYDIA G. BECK, Individually and as Executor of the ESTATE OF OLETA L. GOGGANS, and files this Complaint For Damages against the Defendant as follows:

### Preliminary, Venue, and Jurisdiction Allegations

1.     Plaintiff, LYDIA G. BECK is the duly appointed Executor of the Estate of OLETA L. GOGGANS, appointed on January 14, 2010, in the Probate Court of Chambers County, Alabama. See Exhibit "A".

2.     Oleta L. Goggans died on December 21, 2009, leaving no surviving spouse and one (1) child.

3.     Defendant Emeritus Corporation is a Washington limited liability company, and, upon information and belief, was authorized to do business in the State of Georgia, and was, upon information and belief, at all times applicable to this Complaint, engaged in the business of owning, managing, holding the license on, constituting the governing body for, and or operating the personal care home or assisted living facility known as Emeritus at Heritage Hills located in Muscogee County, Georgia. According to the Georgia Secretary of State, Emeritus Corporation may be served through its Registered Agent, to-wit: Corporation Service Company, 40 Technology Parkway South, Suite 300, Norcross, Gwinnett County, Georgia 30092.

4.      Because Emeritus at Heritage Hills was operating in Muscogee County, venue in Muscogee County is appropriate.

5.      At all times material hereto, Defendant was responsible to the residents of Emeritus at Heritage Hills, including Oleta L. Goggans, for the provision of their custodial care and treatment, and the provision of personal care home services, including, but not limited to, the provisions of residents' rights.

6.      The duties Defendant owed to Oleta L. Goggans while she was a resident at Emeritus at Heritage Hills included the duty to provide her with that degree of care, skill, and diligence usually exhibited by personal care homes as well as their executive directors and resident care directors, generally in the community.  Defendant also owed Oleta L. Goggans the duties set forth in *Remedies for Residents of Personal Care Homes* as set forth in O.C.G.A. §§31-8-130 through 31-8-139.

7.      Pursuant to O.C.G.A. §9-11-9.1(a), to the extent that statute may even apply to this action, attached to the original Complaint and incorporated therein are Exhibit "A", was the Affidavit of Kathy Lee White, ARNP, MSN, who is qualified as an expert witness on certain issues raised in this Complaint.  The Affidavit specifies at least one negligent act or omission on the part of Defendants, and/or their staff, and the factual basis for such negligent act or omission that caused injury to Oleta L. Goggans.  The Affidavit is not inclusive of each act, error, or omission that has been committed, or may have been committed by the Defendant, and Plaintiff reserves the right to contend and prove additional acts, errors, and omissions on the part of Defendant, that reflect a departure from the requisite standard of care required by law. (Plaintiff does not concede this statute applies to this action because this action involves care given in a personal care home or assisted living facility, an entity which is not covered by the statute. Nonetheless, out of an abundance of caution, Plaintiff complies with the statute.)

## Factual Background

8.     Oleta L. Goggans was first admitted to Emeritus at Heritage Hills as a resident on or about July 7, 2000, where she remained in primary residence as a resident and patient in the care of the facility and the Defendant until November 16, 2009.

9.     In order to properly care for Oleta L. Goggans, the Defendant, by and through its staff, were required by the applicable standard of care, to provide personal care services including, but not limited to, the following to Oleta L. Goggans: Room, meals and personal services commensurate with the needs of Oleta L. Goggans.  The personal services were to include 24-hour responsibility for her well-being. Oleta L. Goggans was to be provided protective care and watchful oversight including, but not necessarily limited to, monthly wellness visits by a licensed on-staff nurse; trained staff available 24 hours a day; scheduled resident and family meetings, personal hygiene and grooming; dressing and clothes selection; medication management; continence management; showering or bathing; socialization and activities; mobility and transferring; monitoring of safety; and three nutritious meals a day plus snacks. These services were to be arranged by Defendant or its staff.  Oleta L. Goggans was also to be given assistance if she was unable to keep herself neat and clean.  The Defendant, by and through its staff were to provide sufficient activities to promote the physical, mental and social well-being of Oleta L. Goggans.  The standard of care required the Defendant, by and through its staff, to provide these services in a reasonably prudent manner.  By their acceptance and retention of Oleta L. Goggans as a resident and patient, the Defendant agreed to do so.

10.     Oleta L. Goggans was first admitted to Heritage Hills, a Personal Care Home in Columbus, Georgia, on July 7, 2000. The narrative style nursing notes stopped on or about April 29, 2009 and there is no indication of why they stopped and they appear to be incomplete.  In August 2009, Ms. Goggans was started on Benadryl, 25 mg, every 4 hours as needed, on the

-3-

prescription of her family physician, for itching.  Ms. Goggans was not better in the following weeks, and her itching and the corresponding administration of Benadryl continued and increased into September and October of 2009.   Heritage Hills nursing staff continued to administer Benadryl until Ms. Goggans was admitted to St. Francis Hospital on November 13, 2009, following a preventable fall that resulted in a right hip fracture which led to her death.  Heritage Hills nursing staff did not obtain a new physician's assessment when Ms. Goggans' itching continued beyond the initial weeks.  At 5 feet 4 inches tall and 130 pounds, the dosage of Benadryl that was Ms. Goggans was given between August 2009 and November 13, 2009, placed her at a greater risk for falls.  This risk for falls is something that the Heritage Hills nursing staff knew, or should have been aware of.  Due to the lack of documentation as required in Ms. Goggans Heritage Hills chart, it is unknown what specifically caused her fall on November 13, 2009, that resulted in a hip fracture; however, Defendants' negligence was a substantial contributing factor.

11.     On November 16, 2009, Ms. Goggans was transferred to Magnolia Manor.  She was documented to be covered with dried bug bites all over her body.  Because the bug bites were described as dry/scaly, it is reasonable to conclude that the bug bites existed at the time she was residing at Heritage Hills.

12.     Defendant was negligent and failed to exercise the degree of care, skill and diligence generally exercised by personal care homes and their staff under the same or similar circumstances in its care and treatment of Oleta L. Goggans.

13.     The Defendant knew or should have known that a patient in the condition that Oleta L. Goggans was in, could and would very likely suffer severe injuries if she were not appropriately cared for, monitored, supervised, and attended to.  Further, Oleta L. Goggans was likely kept in the Defendants' facility long after her physical and mental conditions justified her

being there.   Nonetheless, the Defendant failed to take adequate and appropriate measures to prevent a severe injury and other conditions from occurring, and once these injuries and conditions occurred, Defendant failed to adequately and appropriately care for Oleta L. Goggans, all of which ultimately led to her severe injuries and diminished capacity for the enjoyment of life, and death.

14.     The injuries and conditions referenced in the above paragraph required extensive medical care and treatment, and were painful and disfiguring to Oleta L. Goggans.

## COUNT I
### Statutory Cause of Action Brought Pursuant to the Provisions of the Remedies for Residents of Personal Care Homes Against Defendant

15.     Plaintiff realleges and incorporates by reference Paragraphs 1 through 14 above, as if each were fully set forth herein.

16.     By virtue of the provisions of O.C.G.A. §9-2-41, Oleta L. Goggans' causes of action for the recovery of damages that resulted from the violations of and the failures to provide for her resident rights prior to her death does not abate by her subsequent death, and survive to her Estate and the Executor thereof.

17.     At all times material hereto, Emeritus at Heritage Hills was a "facility," as defined by the provisions of O.C.G.A. §31-7-12(a)(1), and O.C.G.A. §31-8-132(5), being operated by Defendant Emeritus Corporation and was subject to the regulation of, and licensure by, the Georgia Department of Human Resources.

18.     At all times material hereto, Oleta L. Goggans was a "resident" of the Defendant's personal care home as defined by the provisions of O.C.G.A. §31-8-132(7).

19.     By virtue of the provisions of O.C.G.A. §§31-8-130 through 31-8-139, Oleta L. Goggans was, at that time, entitled to have certain rights provided for and protected while she was a resident at Defendant's personal care home.  Those resident's rights included, but were not limited to, the following as then enumerated in the then applicable Rules of the Department of Human Resources Chapter 290-5-35-18.

(1)     As a minimum, the following rights shall be guaranteed and cannot be waived by the resident or the resident's representative or legal surrogate, if any:

    (a)     Each resident shall receive care, and services which shall be adequate, appropriate, and in compliance with applicable federal and state law and regulations, without discrimination in the quality of service based on age, gender, race, physical or mental disability, religion, sexual orientation, national origin, marital status or the source of payment for the service;

    * * *

    (d)     Each resident shall have the right to enjoy privacy in his or her room; facility personnel and others shall respect this right by knocking on the door before entering the resident's room. Each resident may associate and communicate privately with persons and groups of his or her choice. Residents shall have the right of freedom from eavesdropping and the right to private and uncensored communication with anyone of the resident's choice;

    * * *

    (h)     Each resident shall be treated with dignity, kindness, consideration and respect and be given privacy in the provision of personal care. Each resident shall be accorded privacy and freedom for the use of bathrooms at all hours;

    * * *

    (j)     Each resident shall have the right to be free from mental, verbal, sexual and physical abuse, neglect and exploitation. Each resident has the right to be free from actual or threatened physical or chemical restraints and the right to be free from isolation, corporal, or unusual punishment including interference with the daily functions of living, such as eating or sleeping;

    * * *

(q)    Each resident shall also have the right to receive or reject medical care, dental care, or other services except as required by law or regulations;

(r)    Each resident shall have the right to choose and retain the services of a personal physician and any other health care professional or service. No facility shall interfere with the resident's right to receive from the resident's attending physician complete and current information concerning the resident's diagnosis, treatment and prognosis. Each resident and his or her representative or legal surrogate, if any, shall have the right to be fully informed about care and of any changes in that care and the right of access to all information in medical records;

(s)    Each resident shall have the right to fully participate in the planning of his or her care. Case discussion, consultation and examination shall be confidential and conducted discreetly. A person who is not directly involved in the resident's care may be present when care is being rendered only if he or she has the resident's permission;

\* \* \*

(3)    A personal care home shall comply with the provisions of the "Remedies for Residents of Personal Care Homes Act" as outlined in O.C.G.A. Sec. 31-8-131 et seq.

20.    Oleta L. Goggans was aggrieved because the Defendant violated or failed to provide for her resident rights while she was resident at the facility.

21.    By virtue of the provisions of O.C.G.A. §31-8-136(a), Plaintiff has a separate cause of action against Defendant for each of those injuries and damages, which arose from the violations of, and failures to provide for Oleta L. Goggans' statutorily protected personal care home resident rights.

22.    The Defendant's responsibilities to Oleta L. Goggans as outlined above were non-delegable and the Defendant has direct liability for violations of, and failures to provide for deprivations and infringements of said rights by any person or entity under their control, direct or indirect, including their employees, agents, consultants and independent contractors, whether in-house or outside entities, individuals, agencies or pools, or caused by the Defendant's policies, whether written or unwritten, or common practices.

23.   Notwithstanding the responsibility of the Defendant to provide Oleta L. Goggans with her statutorily mandated and protected personal care home resident rights as set forth herein, Oleta L. Goggans was deprived of such rights by the acts or omissions of these Defendants, such acts and omissions which include, but are not limited to, the following:

(a)   Failed to provide sufficient staff to meet Oleta L. Goggans' needs;

(b)   Failed to provide adequate nursing care;

(c)   Failed to provide a safe environment;

(d)   Failed to follow physician's orders;

(e)   Failed to notify the physician of changes in condition;

(f)   Failed to provide proper care and services in accordance with resident's rights;

(g)   Failed to provide watchful oversight and protective care to Oleta L. Goggans;

(h)   Failed to obtain necessary medical services in a timely manner;

(i)   Failed to properly supervise staff;

(j)   Failed to properly train staff;

(k)   Failed to properly perform staff retention;

(l)   Failed to protect the privacy and dignity of Oleta L. Goggans;

(m)   Failed to prevent foreseeable injuries and falls;

(n)   Retained Oleta L. Goggans, whose care needs at some point were beyond that which Defendant was able or permitted to provide;

(o)   Failed to keep an accurate and current medical record pertaining to the care and services provided to Oleta L. Goggans;

(p)    Failed to develop a plan of care to allow care givers appropriate and accurate information so as to be able to provide appropriate care and services to Oleta L. Goggans;

(q)    Failed to undertake and complete an adequate periodic evaluation; and

(r)    Failed to accurately advise the Goggans' family about the care it was not capable of providing.

24.    In addition to the Defendant's direct responsibility under O.C.G.A. §§31-8-130 through 31-8-139 above, the Defendant has vicarious liability for the acts and omissions of all persons or entities under their control either direct or indirect, including their employees, agents, and consultants, for violations of, and failures to provide for Oleta L. Goggans' resident rights.

25.    The duties alleged in the immediately preceding paragraphs include, but are not limited to: proper training and supervision; proper hiring, background and referral checks; and proper retaining and dismissing of employees, agents, consultants and independent contractors.

## Damages

26.    As a direct and proximate result of the violations of, and the failures to provide for Oleta L. Goggans' resident rights by the Defendant as described herein, Oleta L. Goggans was aggrieved and suffered injuries, physical and mental pain and suffering, disability, physical impairment, disfigurement, inconvenience, and loss of capacity for enjoyment of life. Further, she has incurred medical expenses related to her rights being violated.

27.    The Defendant, by its failure to provide adequate services, care, and treatment, and their failure to provide for Oleta L. Goggans' residents rights, showed willful misconduct, malice, wantonness, and entire want of care that constitutes a conscious indifference to the consequences. Therefore, Plaintiff is entitled to recover, pursuant to O.C.G.A. §51-12-5.1, an

award of punitive damages to punish, penalize and deter the Defendant, and others similarly situated, from repeating such conduct. Emeritus at Heritage Hills was chronically understaffed and inadequately trained its workers all of which caused Oleta L. Goggans' injuries.

WHEREFORE, Plaintiff, demands trial by jury and judgment against the Defendant for compensatory and punitive damages in an amount to be determined by a jury, and such costs and attorney's fees as may be appropriate under Georgia law. To the extent that this Count may be considered a malpractice action as defined in O.C.G.A. §9-11-8 or O.C.G.A. §9-3-70, (Plaintiff does not concede that it is), then this Plaintiff demands trial by jury and judgment against these Defendants, and for compensatory and punitive damages in an amount to be determined by a jury in excess of Ten Thousand Dollars ($10,000.00), and such costs and attorney fees as may be appropriate under Georgia law.

## Count II
### Negligence

28.    Plaintiff realleges and incorporates by reference Paragraphs 1 through 14 above as if they were fully set forth herein.

29.    By virtue of the provisions of O.C.G.A. §9-2-41, Oleta L. Goggans' causes of action for the recovery of damages that resulted from the negligence of Defendants prior to her death does not abate by her subsequent death, and survive to her Estate and the Executor thereof.

30.    By their acceptance of Oleta L. Goggans as a resident at their personal care home facility, and/or as a patient under their care (as the case may be), the Defendant owed her a duty to furnish her with that degree of care, skill and diligence required of the personal care home and their staff in general under similar conditions and like surrounding circumstances.

31.    The Defendant was negligent and failed to exercise that degree of care required under similar conditions and like circumstances. To the extent that this Count II may be considered a medical malpractice action (Plaintiff does not concede that it does) as defined in

O.C.G.A. §9-11-8 or O.C.G.A. §9-3-70, see the Affidavit of Kathy Lee White, ARNP, MSN, which is attached as Exhibit "B", pursuant to O.C.G.A. §9-11-9.1(a), to the extent that this statute may apply, if at all, to this action, and which Affidavit was incorporated therein by reference. (Plaintiff does not concede this statute applies to this action since this action involves care given in a Personal Care Home, an entity which is not covered by the statute. Nonetheless, out of an abundance of caution, Plaintiff complies with the statute.)  The Affidavit specifies at least one negligent act or omission on the part of the Defendant and/or its staff, and the factual basis for such negligent act or omission that caused injury to Oleta L. Goggans.  The Affidavit is not inclusive of each act, error, or omission that has been committed by the Defendant, and Plaintiff reserves the right to contend and prove additional acts, errors, and omissions on the part of the Defendant that reflect a departure from the requisite standard of care required by law.

32.     Notwithstanding the duty owed to Oleta L. Goggans by the Defendant as described above, Defendant was negligent and failed to exercise that degree of care, skill and diligence required of a personal care home and an executive director and resident care director in general under similar conditions and like circumstances.   The negligence of the Defendant included, but was not limited to, the following:

(a)     Failed to provide sufficient staff to meet Oleta L. Goggans' needs;

(b)     Failed to provide adequate nursing care;

(c)     Failed to provide a safe environment;

(d)     Failed to follow physician's orders;

(e)     Failed to notify the physician of changes in condition;

(f)     Failed to provide proper care and services in accordance with resident's rights;

(g)     Failed to provide watchful oversight and protective care to Oleta L. Goggans;

(h)     Failed to obtain necessary medical services in a timely manner;

(i)     Failed to properly supervise staff;

-11-

(j)  Failed to properly train staff;

(k)  Failed to properly perform staff retention;

(l)  Failed to protect the privacy and dignity of Oleta L. Goggans;

(m)  Failed to prevent foreseeable injuries and falls;

(n)  Retained Oleta L. Goggans, whose care needs at some point were beyond that which Defendant was able or permitted to provide;

(o)  Failed to keep an accurate and current medical record pertaining to the care and services provided to Oleta L. Goggans;

(p)  Failed to develop a plan of care to allow care givers appropriate and accurate information so as to be able to provide appropriate care and services to Oleta L. Goggans;

(q)  Failed to undertake and complete an adequate periodic evaluation; and

(r)  Failed to accurately advise the Goggans' family about the care it was not capable of providing.

33.  Defendant also has vicarious liability for the negligent acts and omissions of all persons or entities under Defendant's control either direct or indirect, including their respective employees, agents, and consultants.

34.  The duty alleged in the immediately preceding paragraphs include, but is not limited to, proper training and supervision; proper hiring, background and referral checks; and proper retaining and dismissing of employees, agents, consultants and independent contractors.

### Damages

35.  As a direct and proximate result of the negligence of the Defendant as described herein, Oleta L. Goggans suffered injuries, physical and mental pain and suffering, disability, physical impairment, disfigurement, inconvenience, and loss of capacity for enjoyment of life. Further, she incurred medical expenses related to her injuries.

36.    The Defendant, by its failure to provide adequate services, care, and treatment, showed willful misconduct, malice, wantonness, and entire want of care that constitutes a conscious indifference to the consequences. Therefore, Plaintiff is entitled to recover, pursuant to O.C.G.A. §51-12-5.1, an award of punitive damages to punish, penalize and deter Defendant, and others similarly situated, from repeating such conduct. Plaintiff alleges that Emeritus at Heritage Hills was chronically understaffed and inadequately trained its workers all of which caused Oleta L. Goggans' injuries.

WHEREFORE, Plaintiff demands trial by jury and judgment against Defendant for compensatory and punitive damages in an amount to be determined by a jury, and such costs and attorney's fees as may be appropriate under Georgia law. To the extent that this Count may be considered a malpractice action as defined in O.C.G.A. §9-11-8 or O.C.G.A. §9-3-70, (Plaintiff does not concede that it is), then this Plaintiff demands trial by jury and judgment against these Defendants, and for compensatory and punitive damages in an amount to be determined by a jury in excess of Ten Thousand ($10,000.00) Dollars, and such costs and attorney fees as may be appropriate under Georgia law.

## COUNT III

### Wrongful Death Claim Against Defendants

37.    Plaintiff realleges and incorporates by reference Paragraphs 1 through 14 and 29 through 35 above as if they were fully set forth herein.

38.    Plaintiff alleges that the wrongful acts of the Defendant as set out hereunder contributed to and escalated the death of Oleta L. Goggans, who died prematurely on December 21, 2010, due to Defendant's negligence, leaving no surviving spouse, and one child.

### Damages

39.    As a direct and proximate cause of the negligence of the Defendant as described herein, Oleta L. Goggans died on December 21, 2010.

40.    Plaintiff brings this action on behalf of those qualified to recover damages from these Defendant for the full value of the life of Oleta L. Goggans, as set forth in O.C.G.A. §51-4-2.

WHEREFORE, Plaintiff, Lydia G. Beck, Individually and as Executor of the Estate Of Oleta L. Goggans, demands trial by jury and judgment against Defendant for damages for the full value of the life of Oleta L. Goggans in an amount to be determined by a jury, and such costs and attorney's fees as may be appropriate under Georgia law.

## JURY DEMAND

Plaintiff requests a full jury panel of 12 to try this case.

BY COUNSEL

**LAW OFFICES OF DANIEL W. COTTER, P.C.**

Daniel W. Cotter
Ga. Bar No. 189599
910 Church Street
Suite 202
Decatur, GA 30030
(404) 377-5775

**BROOKS, LEBOEUF, BENNETT
FOSTER & GWARTNEY, P.A.**

Scott E. Gwartney
Ga. Bar No. 315955
909 East Park Avenue
Tallahassee, FL 32301
(850) 222-2000



**STATE OF ALABAMA**

**CHAMBERS COUNTY**

**IN THE PROBATE COURT**

DOCKET NO. *51:189*

### LETTERS TESTAMENTARY

The Will of Oleta Cook Goggans, deceased, having been duly admitted to record in said County, Letters Testamentary are hereby granted to Lydia Goggans Beck, the Executor named in said Will, who has complied with the requisitions of the law, and is authorized to take upon herself the execution of said Will.

Witness my hand and dated this *14th* day of *January*, 2010.

_____
**Judge of Probate**

**THE STATE OF ALABAMA**
**CHAMBERS COUNTY**

I, John T. Crowder, Judge of Probate in and for said County and State, hereby certify that the above and foregoing is a true, correct, and complete copy of the Letters Testamentary issued to Lydia Goggans Beck, as Executor of the Will of Oleta Cook Goggans, deceased, as the same appears of record in my office, and are still in full force and effect.

Given under my hand and seal of office this *14th* day of *January*, 2010.

_____
**Judge of Probate**



EXHIBIT "A"

STATE OF FLORIDA
COUNTY OF LEON

## AFFIDAVIT OF KATHY LEE WHITE, ARNP, MSN

COMES NOW before me, an officer authorized to administer oaths, KATHY LEE WHITE, ARNP, MSN, who having been duly sworn, deposes and says:

1.

I am over the age of twenty-one (21) years and am competent to testify as an expert witness in this action for professional malpractice arising out of the care and treatment rendered to **Oleta Goggans** by **Heritage Hills Alzheimer's Special Care Center ("Heritage Hills")** from July 7, 2000 through November 13, 2009.

2.

I am an Advanced Registered Nurse Practitioner licensed and in good standing in the state of Florida.  I earned my associates degree in nursing in 1987, my Bachelor of Science degree in nursing from the Florida State University in 1989, and my Master of Science Degree in nursing/Advanced Registered Nurse Practitioner also from Florida State University in 1993.  Attached as Exhibit "A" to this affidavit is an accurate and true copy of my Curriculum Vitae giving further information as to my background, training and experience.

3.

This Affidavit is given pursuant to the provisions of O.C.G.A. § 9-11-9.1, which requires that at least one negligent act or omission be specified for each named Defendant in order to file a Complaint with the Court.  This Affidavit is not intended to encompass all of the opinions presently held by me concerning the negligent act(s) or omission(s) of **Heritage Hills** in the care and treatment of **Oleta Goggans** during her residency from July 7, 2000 through November 13, 2009.   As discovery progresses and additional information becomes available, I reserve the right to modify, alter or form additional opinions.

4.

I am qualified to testify in this case regarding the acceptable standard of conduct

**EXHIBIT "B"**

of nursing and support staff employed by **Heritage Hills,** whose conduct is identified herein because at the time the acts or omissions concerning **Oleta Goggans** occurred:

(a)       I was then, and continue to be, licensed by an appropriate regulatory agency to practice as an Advanced Registered Nurse Practitioner (ARNP) in the State of Florida by the Florida Board of Nursing, where I was practicing at such time;

(b)       I had then, and continue to have, actual professional knowledge and experience in the field of  personal care home nursing, the area of practice in which the opinions are to be given, as the result of having been regularly engaged in the active practice of nursing in a geriatric medical practice with patients in a variety of long term care facilities, including Personal Care Homes (or Assisted Living Facilities, as such facilities are referred to in Florida) since 2001.

(c)       I had then, and continue to have, actual professional knowledge in the field of Personal Care Home nursing care, the area of practice in which the opinions are to be given, as the result of having been regularly engaged as an ARNP with an emphasis in the geriatric setting (including Assisted Living Facilities).  Because of my nursing background and training, my knowledge of the rules and regulations which govern Assisted Living Facilities through the United States, and the State of Georgia, including Muscogee County (Columbus, GA), I know the standards of care required in a Personal Care Home setting.  I am specifically knowledgeable of the applicable standards of care required for the care and treatment of Oleta Goggans by **Heritage Hills** during her residency, based upon the qualifications as set forth above.  **Heritage Hills** is a Personal Care Home and the breaches of care I identify in this affidavit arise from the standards of care I know as a result of my education, training, background and experience as set forth above.

5.

As used within the context of this Affidavit, the term "standard of care" refers to that degree of care, skill and diligence ordinary employed by members of the health care professional generally under the same or similar conditions and like surrounding circumstances.

2

6.

This Affidavit is based on my personal knowledge, education, training and experience as a licensed professional nurse and as an Advanced Registered Nurse Practitioner, with an emphasis in the geriatric setting (including Assisted Living Facilities), my knowledge and familiarity with the standard of care exercised by health care providers, generally, and those who provide care of a patient in the personal care setting, as reflected in the medical records of **Oleta Goggans** herein referenced, which I have reviewed; and the factual situations set forth in said records as described in this Affidavit.

7.

In at least three of the five years preceding November 13, 2009, I provided care to adult patients in the Personal Care Home environment and facilities such as the care provided by **Heritage Hills,** with sufficient frequency to be, and I am, knowledge in the care of such patients.

8.

To date, I have reviewed the following records related to **Oleta Cook Goggans**:

- Heritage Hills Alzheimer Special Care Center (7/7/00 – 11/13/09)
- Mid Georgia Ambulance (11/13/09 & 11/16/09)
- St. Francis Hospital (11/13/09 – 11/16/09)
- Magnolia Manor (11/16/09 – 12/7/09)
- GL – Lanett (12/7/09 – 12/13/09 & 12/18/09 – 12/21/09)
- Lanier Memorial Hospital (12/13/09 – 12/18/09)
- Lanett Ambulance (12/13/09 & 12/18/09)
- Lanier Memorial Hospital (12/13/09 – 12/18/09)

9.

Based on my review of the records described above, Oleta Goggans was first admitted to Heritage Hills, a Personal Care Home in Columbus, GA, on July 7, 2000. The narrative nursing style notes stopped on or about April 29, 2009 and there is no indication of why they stopped and they appear to be incomplete. In August 2009, Ms. Goggans was started on Benadryl, 25 mg, every 4 hours as needed, on the prescription of her family physician for itching. Ms. Goggans was not better in the following weeks, and her itching and the corresponding administration of Benadryl continued and increased into September and October of 2009. Heritage Hills nursing staff continued to administer

Benadryl until Ms. Goggans was admitted to St. Francis Hospital on November 13, 2009, following a fall that resulted in a right hip fracture.  Heritage Hills nursing staff did not obtain a new physician's assessment when Ms. Goggans' itching continued beyond the initial weeks.  At 5 feet 4 inches tall and 130 pounds, the dosage of Benadryl that was Ms. Goggans was given between August 2009 and November 13, 2009, placed her at a greater risk for falls.  This risk for falls is something that the Heritage Hills nursing staff knew, or should have been aware of.  Due to the lack of documentation as required in Ms. Goggans Heritage Hills chart, it is unknown what caused her fall on November 13, 2009, that resulted in a hip fracture.

On November 16, 2009, Ms. Goggans was transferred to Magnolia Manor.  She was documented to be covered with dried bug bites all over her body.  Because the bug bites were described as dry/scaly, it is reasonable to conclude that the bug bites existed at the time she was residing at Heritage Hills.

10.

It is my professional opinion, based upon my review of the medical records referenced herein and upon my education, knowledge, training and experience as a health care provider, as well as my familiarity with the applicable standards of care ordinarily exercised by health care providers generally under the same or similar conditions and like surrounding circumstances, that the nursing staff employed by Heritage Hills departed from the standard of care in the care and treatment provided to Oleta Goggans during her residency from July 7, 2000 through November 13, 2009, as required by Personal Care Homes in Georgia generally, and specifically in Muscogee County (Columbus, GA).  Such conduct by the Personal Care Home violates the state regulations applicable to Personal Care Homes which help establish the standards of care, in particular those set forth in Chapter 290-5-35.  Specifically, the Defendant, Heritage Hills and nursing staff employed by Heritage Hills violated the standards of care applicable to them and state regulations applicable to the facility by:

- Failing to maintain clinical records which are complete and accurately documented, including a record of incidents (Chapter 290-5-35-.17 and .21)
- Failing to make necessary medical appointments and to provide supportive medical services incidents (Chapter 290-5-35-.12)

4

- Failing to notify Ms. Goggan's family and physician of a significant change in her condition (Chapter 290-5-35-.21)

11.

In order to properly care for Oleta Goggans, Heritage Hills was required by the applicable standards of care to maintain clinical records which are complete and accurately documented; to provide services, including, but not limited to making necessary medical appointments; and to notify Ms. Goggan's family and physician of a significant change in her condition. The standards of care required Heritage Hills to provide these services in a reasonable prudent manner, and by their acceptance of Oleta Goggans as a resident, Heritage Hills agreed to do so.

12.

Based on my review of the records listed above, and based further upon my background, training, experience, and knowledge in the field, it is my opinion that Heritage Hills, and/or any other legal entity owning, operating, or managing this facility during Oleta Goggans' residency, was negligent and failed to exercise the degree of care, skill and diligence generally exercised by personal care homes under the same or similar circumstances in its care and treatment of Oleta Goggans. Use of the term "Heritage Hills" is intended to refer interchangeably to any legal entity owning, operating, or managing this facility during the period of Oleta Goggans' residency. The negligence and departures from the standards of care required of Heritage Hills specifically included, but were not limited to, the following specific acts or omission:

(a)     ***The failure by Heritage Hills to maintain clinical records which are complete and accurately documented***.   The narrative nursing style notes stopped on or about April 29, 2009. As a result, there is no meaningful information about Ms. Goggans or about her health appraisals, diagnoses, prescribed diets, medications, and physician's instructions. Furthermore, there is nothing in the chart describing why Ms. Goggans fell on November 13, 2009. The lack of documentation after April 25, 2009, and more specifically related to the fall at the end of her stay is unacceptable in the personal care home environment under these circumstances.

b)     ***The failure by Heritage Hills to make necessary medical appointments***

5

*and to provide supportive medical services.* When Ms. Goggans was initially prescribed Benadryl in August of 2009, her physician noted that she needed to come back in two weeks if her itching was not better. Her chart at Heritage Hills does not indicate that she was ever taken back to the doctor, but she remained on Benadryl until she left the facility on November 13, 2009.

(c)     *The Failure by Heritage Hills to notify Oleta Goggans' family and physician of a significant change in her condition.* There is no indication in the chart that Ms. Goggans' responsible party or physician was notified that she had a significant change in her condition which would warrant the continued use of Benadryl beyond the initial two weeks for which the medication was prescribed. The dosage of Benadryl that was given to Ms. Goggans would have placed her at a greater risk for falls, and in fact, she did have a fall on or about November 13, 2009, that resulted in a fractured hip.

13.

It is my opinion that the departures from the standards of care by Heritage Hills and its agents and employees as described above were the direct and proximate cause of harm and injury to Oleta Goggans.

14.

All of the opinions stated in this affidavit are expressed within a reasonable degree of nursing and professional probability, and are based upon my education, background and experience, upon my review of the records listed herein, and upon my knowledge of the standards of care applicable to Personal Care Homes, such standards being applicable to facilities throughout the country.

**FURTHER AFFIANT SAYETH NOT**.


KATHY LEE WHITE, ARNP, MSN

BEFORE ME, the undersigned authority, personally appeared KATHY LEE WHITE, who is personally known to me or who produced __ID__ as identification, and who did take an oath, and deposes and says that the foregoing is true and correct in all respects.

SWORN TO AND SUBSCRIBED before me, this 20 day of May, 2011.

Notary Public
My Commission

MATT INGRAM
Commission # DD 970288
Expires March 11, 2014
Bonded Thru Troy Fain Insurance 800-385-7019

6

## KATHY LEE WHITE, ARNP
3501 Clifden Drive
Tallahassee, FL 32308

## EMPLOYMENT HISTORY

**Seniors First Healthcare Center**

2001-Present   Advanced Registered Nurse Practitioner for a geriatric practice.  Duties include patient assessments and rounds at Assisted Living Facilities and rehabilitation hospital, and appropriate coverage in medical office setting, including female Pap and Pelvic Examinations, determination of, and ordering appropriate diagnostic tests, provision of health teaching and initiation of appropriate referrals.

**Apalachee Center For Human Services**

2000-Present   Advanced Registered Nurse Practitioner for busy psychiatric facility. Duties include interviewing clients, obtain and record health histories, perform physical and development assessments, order appropriate diagnostic tests, diagnose health problems, provide health teaching and counseling, initiate referrals, and maintain health records.

**Tallahassee Cardiology Associates**

1998-Present   Advanced Registered Nurse Practitioner for a two-physician cardiology practice.  Duties include supervision of Nuclear Stress Test, management of lab work including Coumadin adjustments and lipid profile results; appropriate coverage in office setting including seeing patients, evaluation of chest pain and other symptoms, ordering of diagnostic tests.

**Dr. Albert Menduni**

2004-2005   Advanced Registered Nurse Practitioner for internal medicine physician. Duties include completion of discharge summaries at both local hospitals and HealthSouth Rehabilitation Hospital

**Tallahassee Community Hospital**

1996-1998   Staff Nurse in Post Anesthesia Care Unit.
1994-1996   Staff Nurse in Cardiac Surgical Intensive Care Unit, and Intensive Care Unit.

Exhibit A

EXHIBIT "A"

**Bay Medical Center (Panama City, Florida)**

| | |
|---|---|
| 1992-1994 | Charge Nurse of the 7-3 Shift in the 16- Bed Surgical Intensive Care Unit. Make patient assignments, coordinate bed assignments with the operating room, staffing for the 3-11 shift, and annual evaluations of the 7-3 shift employees including nurses, secretaries, monitor technicians, and nurses' aides. |
| 1989-1992 | Staff Nurse in a 16-Bed Surgical Intensive Care Unit. |
| 1987-1989 | Relief Charge Nurse on a 20-Bed Telemetry Surgical Floor. |

## EDUCATION

| | |
|---|---|
| 1987 | Associate of Science Degree in Nursing<br>Gulf Coast Community College, Panama City, Florida |
| 1988 | Associate of Arts Degree<br>Gulf Coast Community College, Panama City, Florida |
| 1989 | Bachelor of Science Degree in Nursing<br>Florida State University, Tallahassee, Florida |
| 1993 | Master of Science Degree in Nursing/Advanced Registered Nurse Practitioner<br>Florida State University, Tallahassee, Florida |
| 1990 | Inducted as a member of Sigma Theta Tau Honor Society of Nursing |
| 2000 | Certification in Advanced Cardiac Life Support |

## LICENSURE STATUS

Florida ARNP: 1847732
RN license initially in 1987, ARNP was added in 1994.

**IN THE STATE COURT OF MUSCOGEE COUNTY**

**STATE OF GEORGIA**

GEORGIA, MUSCOGEE COUNTY
CLERK'S OFFICE, STATE COURT
FILED IN OFFICE

JUN 2 3 2011

AT _110 P Y_

DEPUTY CLERK STATE COURT

LYDIA G. BECK, Individually and as Executor )
of the ESTATE OF OLETA L. GOGGANS,            )
                                              )
                     Plaintiff,               )
                                              )
v.                                            )
                                              )
EMERITUS CORPORATION Operating as             )
EMERITUS AT HERITAGE HILLS,                   )
                                              )
                     Defendant.               )

**CIVIL ACTION**

**FILE NO.:** _SC11CV1134_

## PLAINTIFF'S FIRST INTERROGATORIES TO DEFENDANT

COMES NOW Plaintiff, Lydia G. Beck, Individually n as Executor of the Estate of Oleta

L. Goggans, in the above-styled civil action and serves these Interrogatories upon Defendant and

requests that they be answered fully in writing and under oath within forty-five (45) days from

the date of service thereof, all in accordance with O.C.G.A. § 9-11-33.

Each interrogatory is addressed to the personal knowledge of Defendant, as well as to the

knowledge and information of Defendant, its attorneys, agents, and other representatives.   When

a question is directed to Defendant, the question is also directed to each of the aforementioned

persons.

These interrogatories are deemed to be continuing so as to require supplemental answers

if the persons to whom these interrogatories are addressed obtain further or different information

between the time answers are served and the time of trial, as required by law.

### Definitions

As used herein, the terms listed below are defined as follows:

1.     "Document" means every writing or record of every type and description that is
       or has been in your possession, custody, or control or of which you have
       knowledge, including, but not limited to, correspondence, memoranda, tapes,

stenographic or handwritten notes, studies, publications, books, pamphlets, pictures, drawings and photographs, films, microfilms, voice recordings, maps, reports, surveys, minutes, or statisform, including copies, drafts, and reproductions. "Document" also refers to any other data, compilations from which information can be obtained, and translated, if necessary, by you through computer or detection devices into reasonably usable form.

2.      "Person" means any natural person, corporation, partnership, proprietorship, association, governmental entity, agency, group, organization, or group of persons.

3.      To "identify" a "document" means to provide the following information irrespective of whether the document is deemed privileged or subject to any claim of privilege: (a) the title or other means of identification of each such document; (b) the type of document (*e.g.*, letter, memorandum, record); (c) the date of each such documents; (d) the author of each such document; and (e) the recipient or recipients of each such document, including but not limited to Defendant or any who purports to represent Defendant; (f) the present location of any and all copies of each such document in the care, custody or control of Defendant; (g) the names and current addresses of any and all persons who have custody or control of each such document or copies thereof; and (h) if all copies of the documents have been destroyed, the names and current addresses of the person or persons authorizing the destruction of the document and the date the document was destroyed.

In lieu of "identifying" any document, it shall be deemed a sufficient compliance with these interrogatories to attach a copy of each such document to the answers hereto and reference said document to the particular interrogatory to which the document is responsive.

4.      To "identify" a natural person means to state that person's full name, title or affiliation, and last known address and telephone number. To "identify" a person that is a business, organization or group of persons means to state the full name of such business, organization, or group of persons, the form of the business, organization or group of persons (e.g., government agency, corporation, partnership, joint venture, etc.) and to "identify" the natural person who would have knowledge of the information sought by the interrogatory.

5.      "Plaintiff" "you", or "your" refers to, without limitation, the named Plaintiff, and all business entities with which he is or has been affiliated, together with any predecessor, successor, parent, or subsidiary entity as well as any officer, director, employee, attorney, agent, or represent of Plaintiff or any business entity previously described herein.

6.      "Defendant", "you", or "your" refers to, without limitation, the named Defendant to whom this discovery is directed, and all business entities with which it is or has been affiliated, together with any predecessor, successor, parent, or subsidiary

entity as well as any officer, director, employee, attorney, agent, or representative of Defendant or any business entity previously described herein.

7.   "Complaint" refers to the Complaint filed by Plaintiff in this action.

8.   Terms in the singular shall be deemed to include the plural and terms in the plural shall be deemed to include the singular.

9.   Use of feminine pronouns shall be deemed to include the masculine and neuter and use of masculine pronouns shall be deemed to include the feminine and neuter.

Please respond to the following Interrogatories:

### Interrogatory No. 1:

What is the name and address of the person answering these interrogatories, and, if applicable, the person's official position or relationship with Defendant?

### Interrogatory No. 2:

Please identify fully all individuals who were employed at Emeritus at Heritage Hills, during the following periods of time: January, 2007 through December, 2009; state whether each individual provided any care or services to Oleta L. Goggans, and state whether each individual is currently an employee of Defendant.  The purpose of this interrogatory is to identify all individuals who either witnessed or had the opportunity to witness the circumstances, events or occurrences which are relevant to the facts and issues in the instant case.  This interrogatory is intended to include any caregiver or other employee, including dietary workers, laundry workers, maintenance person or any other employee whatsoever.

"Identify fully" means to state the full name, current or last known address, job title, and relationship to the Plaintiff and Defendant.

### Interrogatory No. 3:

Please identify fully each Executive Director, administrator, and Resident Care Director

3

employed at Emeritus at Heritage Hills during the residency of Oleta L. Goggans; and state the dates of service for each.

"Identify fully" means to state the full name, current or last known address, job title, and relationship to the Plaintiff and Defendant.

<u>Interrogatory No. 4:</u>

Please identify fully each outside consultant utilized by Defendant during the residency of Oleta L. Goggans, including but not limited to dietary consultant, records consultant, physical therapy consultant, nursing consultant, wound care consultant, or pharmacy consultant.

"Identify fully" means to state the full name, current or last known address, job title, and relationship to the Plaintiff and Defendant.

<u>Interrogatory No. 5:</u>

Please identify fully each and every medical director for Defendant, if any, during the residency of Oleta L. Goggans, and state the dates of service for each medical director.

"Identify fully" means to state the full name, current or last known address, job title, and relationship to the Plaintiff and Defendant.

<u>Interrogatory No. 6:</u>

Please identify fully each and every dietary aide or dietician for Emeritus at Heritage Hills during the residency of Oleta L. Goggans, and state the dates of service for each and every dietary aide or dietician.

"Identify fully" means to state the full name, current or last known address, job title, and relationship to the Plaintiff and Defendant.

<u>Interrogatory No. 7:</u>

Please identify fully each and every person who attended or participated in any care plan

concerning Oleta L. Goggans, and state the dates of each care plan in which each person participated or attended. [Note: Unless the chart contains completely legible full names and last known addresses of all persons who participated in the care plan, please do not simply refer to the chart to answer this question.]

"Identify fully" means to state the full name, current or last known address, job title, and relationship to the Plaintiff and Defendant.

<u>Interrogatory No. 8:</u>

Please identify the name, business address, specialty, and relationship, if any, to Defendant of each physician who had responsibility for treating Oleta L. Goggans at Emeritus at Heritage Hills.

<u>Interrogatory No. 9:</u>

Do Defendant have in their custody or control any records of accidents or unusual incidents referring in any way to Oleta L. Goggans, including but not limited to, all reports of medication errors, falls, injuries, treatment errors, assaults or invasions by staff or residents, and thefts of resident property?

If Defendant has any such reports in its custody or control, please state the name of each report, the name and job title of the individual having custody or control of each report, and the current location of each report.

<u>Interrogatory No. 10:</u>

Please identify fully each person believed or known by Defendant to have any knowledge concerning any of the issues of this lawsuit; and specify the subject matter about which the witness has knowledge.

"Identify fully" means to state the full name, current or last known address, job title, and

relationship to the Plaintiff and Defendant.

Interrogatory No. 11:

Please identify, with sufficient particularity to formulate the basis of a request to produce, all records of any kind prepared and/or maintained by you, which pertain in any way to Oleta L. Goggans, and state the name, title, and business address of the custodian of each such record.

Interrogatory No. 12:

Please identify any and all reports or data compilations that were prepared by Defendant, or its management company or consultants (1) concerning budgeting for staffing or supplies at Emeritus at Heritage Hills, (2) concerning facility staffing levels, (3) concerning the care and treatment of residents at Emeritus at Heritage Hills, and (4) concerning resident characteristics, resident acuity levels, and facility census levels for the calendars years 2007 through 2009.

Interrogatory No. 13:

Please list the date and substance of any investigation which Defendant knows or believes was conducted by any governmental agency concerning Oleta L. Goggans, including, but not limited to, ombudsman offices, state offices, federal offices, or law enforcement offices, together with the name and address of the agency that conducted the investigation.

Interrogatory No. 14:

Please identify fully each management company utilized by Defendant at any time during the residency of Oleta L. Goggans.  For each such management company, please identify the time periods during which the management company was utilized.  If the management company is a corporation or limited liability company, please identify the exact name and registered agent. If the management company is a general partnership, please identify the exact name of the partnership as well as the names and addresses of all of the partners.  If the management

6

company is a limited partnership, please identify the exact name of the limited partnership as well as the names and addresses of each general and limited partner.

Interrogatory No. 15:

Identify all members of the governing body, in accordance with Rules and Regulations, Personal Care Homes, for Emeritus at Heritage Hills from the calendar years 2007 through 2009.

    (a)    Name;

    (b)    Current or last known home address;

    (c)    Current or last known place of employment;

    (d)    Dates each identified person served as a member of the governing body for Emeritus at Heritage Hills

Interrogatory No. 16:

Do you claim that the Plaintiff, the Plaintiff's decedent, or any other person or entity, was at fault, negligent, or comparatively negligent, in whole or in part, for the claims asserted against you in this lawsuit?  If your answer is "Yes", please describe in detail each act or omission on the part of the Plaintiff, the Plaintiff's decedent, or any other person or entity that you contend constituted negligence or fault or caused in whole or in part the Plaintiff or the Plaintiff's decedent's injuries.

Interrogatory No. 17:

Please state if you - the named Defendant in this case - have ever been a party, either plaintiff or defendant, which relates to the calendar years 2004 through 2009, in a lawsuit other than the present matter, and, if so, state whether you were plaintiff or defendant, the nature of the action, and the date and the court in which suit was filed.

Interrogatory No. 18:

Please state if Defendant had a system to record consumer or employee complaints

regarding the facility.  If it did, please identify, with sufficient particularity to form the basis of a request to produce, the names and types of records of consumer or employee complaints and the person or persons primarily responsible for consumer or employee complaints.

Interrogatory No. 19:

Please identify each long-term care facility that is managed, operated, or controlled, directly or indirectly, by you.

Interrogatory No. 20:

As of the time period of Oleta L. Goggans's residency, and now, please identify the relationship between Emeritus at Heritage Hills, and each Defendant.  Identify whether there are any letters, contracts or memorandum reflecting or memorializing said relationships.

Interrogatory No. 21:

(a)    During the residency of Oleta L. Goggans, and/or at the time of the incident(s) described in Plaintiff's Complaint, were you covered by any policy of liability insurance, insurance reciprocal, or self-insurance trust?

(b)    If your answer to Interrogatory No. 21(a) is affirmative, for each such policy, reciprocal, or trust providing primary coverage, please state the following:

(1)    The exact name of the insurer, reciprocal, or trust;

(2)    The name of the named insured or insureds;

(3)    The policy or certificate number;

(4)    The effective dates of beginning and end of the coverage; and

(5)    The exact amount of coverage.

Interrogatory No. 22:

(a)    At the time of the residency of Oleta L. Goggans and or at the time of the

8

incident(s) described in Plaintiff's Complaint, were you covered by any <u>excess</u> liability insurance?

(b)     If so, for EACH such policy, reciprocal, or trust providing <u>excess</u> coverage, please state the following:

    (1)     The exact name of the insurer, reciprocal, or trust;

    (2)     The name of the named insured or insureds;

    (3)     The policy or certificate number;

    (4)     The effective dates of the beginning and end of the coverage; and

    (5)     The amount of coverage.

Interrogatory No. 23:

Has any insurance company, reciprocal, or trust which you believe provides liability coverage to you for the incident(s) described in Plaintiff's Complaint denied coverage or stated it will defend you in this matter under a reservation of rights to later deny coverage?

Interrogatory No. 24:

As to each of the policies of insurance, any reciprocal, or trust mentioned in your answers to these Interrogatories, please state whether there are currently any pending claims that might affect the amount of insurance available to satisfy the claim in this matter.  If so, please state whether a lawsuit has been filed, the case caption, and court wherein such suit has been filed; and, if no suit has been filed, the name of the attorney, if there is one, representing the claimant.

Interrogatory No. 25:

As to each of the policies of insurance, reciprocal, or trust mentioned in your answers to these Interrogatories, please state whether the amount of insurance available to satisfy this matter is subject to any reduction in applicable aggregate or per-incident limits as a result of any other

9

claims, or for any other reason.

<u>Interrogatory No. 26:</u>

For each person you expect to call as an expert witness at the trial of this case, state the following:

      (a)    the expert's name, address and medical specialty;

      (b)    the subject matter on which said expert is expected to testify;

      (c)    the substance of the facts and opinions to which said expert is expected to testify; and

      (d)    the date said expert was employed.

<u>Interrogatory No. 27:</u>

What is the name and address of the person most knowledgeable about the Defendant' financial matters?

<u>Interrogatory No. 28:</u>

Do you intend to call any witnesses to testify at trial as to the issue of punitive damages? If so, state as to each such witness the name and address of the witness, the witness's qualifications if the witness is an expert witness, the subject matter upon which the witness is expected to testify, the substance of the facts and opinions to which the witness is expected to testify, and the summary of the grounds for each opinion.

<u>Interrogatory No. 29:</u>

Do you intend to introduce any exhibits at trial regarding the punitive damage claim in this matter? If the answer is "YES", please identify the documents or exhibit, describe the information portrayed in the exhibit, and identify any and all documents, records or other information which serves as a basis for the information contained in the exhibit. .

Interrogatory No. 30:

Do you currently own, operate, manage or oversee the facility known as Emeritus at Heritage Hills?  If your answer is "no" please indicate the date upon which you ceased to own, operate, manage or oversee the facility known as Emeritus at Heritage Hills, and further identify whether you currently employ any of the persons who work at that facility, if any, and further identify who you still employ at the facility.

Interrogatory No. 31:

Please fully state the factual and legal basis for your Affirmative Defenses.

BY COUNSEL

**LAW OFFICES OF DANIEL W. COTTER, P.C.**

Daniel W. Cotter
Georgia Bar Number 189599
910 Church Street
Decatur, GA 30030
Tel:  404-377-5775

**BROOKS, LEBOEUF, BENNETT
FOSTER & GWARTNEY, P.A.**

Scott E. Gwartney
Georgia Bar Number 315955
909 East Park Avenue
Tallahassee, FL  32301
Tel:  850-222-2000

11

IN THE STATE COURT OF MUSCOGEE COUNTY

STATE OF GEORGIA

GEORGIA, MUSCOGEE COUNTY
CLERK'S OFFICE, STATE COURT
FILED IN OFFICE

JUN 2 3 2011

AT _____

DEPUTY CLERK STATE COURT

| | |
|---|---|
| LYDIA G. BECK, Individually and as Executor of the ESTATE OF OLETA L. GOGGANS, | ) ) ) |
| Plaintiff, | ) |
| v. | ) ) |
| EMERITUS CORPORATION Operating as EMERITUS AT HERITAGE HILLS, | ) ) ) |
| Defendant. | ) |

CIVIL ACTION

FILE NO.: SC11CV1134

## PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT.

COMES NOW Plaintiff, Lydia G. Beck, Individually and as Executor of the Estate of Oleta L. Goggans, and hereby requests, pursuant to O.C.G.A § 9-11-34, that Defendant produce for inspection and copying at the Law Offices of Daniel W. Cotter, P.C., The Manning Leipold Building, 910 Church Street, Suite 202, Decatur, GA 30030, on the 45th day after service of these requests the documents described below that are in the possession, custody, or control of Defendant or their agents or attorneys.

If privilege is claimed as to any documents otherwise covered by this request for production, Plaintiff requests that each document as to which privilege is claimed be identified in a manner such that the Court may determine whether or not such document is entitled to be accorded privileged status. Specifically, state (a) the document's name or author, recipient, date, type of document (e.g., letter, memorandum, record, etc.) and general subject matter; and (b) the basis upon which you claim the privilege. This request for production seeks inspection and copying of documents in the possession of Plaintiff and his agents and attorneys, including both copies and originals, unless otherwise specifically stated.

To preserve the privacy of residents other than Oleta L. Goggans, Defendant may delete, obliterate, or otherwise redact the names of residents other than Oleta L. Goggans from records requested in this Request for Production of Documents. Plaintiff is willing, upon request from Defendant, to pay the cost of securing these records in a form that preserves the privacy of other residents and the confidentiality of their records.

Request for Production No. 1:

A laser color copy of the original chart for Oleta L. Goggans at Emeritus at Heritage Hills to be produced by a copy service agreed between the parties for duplication by color process at Plaintiff's expense.

Request for Production No. 2:

Photographic copies of any and all photographs that were taken of Oleta L. Goggans at Emeritus at Heritage Hills to be produced by a photography studio agreed between the parties for preparation of negatives and prints at Plaintiff's expense.

Request for Production No. 3:

A copy of the complete administrative and/or financial file or files prepared and/or maintained by Defendant or Emeritus at Heritage Hills concerning Oleta L. Goggans, including any contract between Oleta L. Goggans and Defendant or Emeritus at Heritage Hills, and any attachments to that contract.

Request for Production No. 4:

A copy of each and every record identified in your answers to Plaintiff's First Interrogatories to Defendant, including, but not limited to each and every form of communication book or log book used internally within the facility to communicate between any persons providing care or services to Oleta L. Goggans, which were prepared or maintained by

Defendant concerning Oleta L. Goggans in any way and has not been produced in response to requests number one (1) through three (3), above.

<u>Request for Production No. 5</u>:

If the records requested above are not responsive, a copy of any and all other records pertaining to the admission, care, treatment (medical or otherwise) of Oleta L. Goggans during the time that she was at Emeritus at Heritage Hills for the calendar years 2007 through 2009, including but not limited to:

(a)     Personnel records;

(b)     Correspondence;

(c)     A copy of any and all grievances filed for the calendar years 2001 through 2008, specifically including but not limited to any Resident / Family Concern forms related to this facility;

(d)     A copy of any grievances submitted to an impartial referee  for the calendar years 2004 through 2009;

(e)     A copy of any request for hearing made for the calendar years 2004 through 2009;

(f)     Any finding of a violation for the calendar years 2004 through 2009;

(g)     A copy of any report of abuse of a resident residing in the Personal Care Home for the calendar years 2004 through 2009; and

(h)     A copy of any investigation of any report of abuse.

<u>Request for Production No. 6</u>:

A complete and itemized bill for any and all services, medical supplies, pharmaceutical supplies, therapies, or any other goods or services for which the Defendant charged Oleta L.

Goggans or any third party payor on behalf of this Defendant while she was a resident at the facility.

<u>Request for Production No. 7</u>:

The list of physicians designated to provide emergency services to Oleta L. Goggans when the resident's attending physician or designated alternative is not available.

<u>Request for Production No. 8</u>:

Any and all reports or data compilations that concern the status or condition of Oleta L. Goggans and were prepared by Defendant and sent to corporate offices or supervisors for the calendar years 2007 through 2009.

<u>Request for Production No. 9</u>:

Any and all advertisements, descriptive brochures and pamphlets employed by Defendant to advertise the Defendant' facility, or to inform or educate the general public, hospitals, doctors, or others of the services offered at the facility for the calendar years 2004 through 2009;

<u>Request for Production No. 10</u>:

Copies of the facility's policies and procedures, kept in accordance with Rules and Regulations, Personal Care Homes, or otherwise, during the calendar years 2004 through 2009 including the following areas:

(a)    Activities;

(b)    Consultant services;

(c)    Staff education;

(d)    Diagnostic services;

(e)    Dietary services;

(f)    Wound Care;

4

(g)     Infection control;

(h)     Medical director/consultant services;

(i)     Medical records;

(j)     Nursing services;

(k)     Pharmacy services;

(l)     Resident care planning;

(m)     Resident's rights;

(n)     Social services;

(o)     Specialized rehabilitative and restorative services;

(p)     The reporting of accidents or unusual incidents involving any resident; and

(q)     Quality assessment and assurance.

### Request for Production No. 11:

Any correspondence, document, or form from any licensing body, including federal or state agencies, to Defendant, or from Defendant, which lists any deficiencies in the maintenance or operation of Emeritus at Heritage Hills, and Defendant, which occurred for the calendar years 2004 through 2009.

### Request for Production No. 12:

If Defendant, for the calendar years 2004 through 2009, through Medicaid/Medicare participation has been found deficient, had penalties issued against it, or has been terminated, please produce these documents describing the same.

### Request for Production No. 13:

If Defendant, for the calendar years 2004 through 2009, requested a re-survey in response to its termination from Medicaid/Medicare participation, please produce the documents denying

Copies of any provider agreements between you and the State of Georgia during the residency of Oleta L. Goggans.

### Request for Production No. 21:

Copies of any provider agreements between you and the Federal Government in effect during the residency of Oleta L. Goggans.

### Request for Production No. 22:

Copies of any and all family or resident council minutes pertaining to the facility for the period of 2004 through 2009.

### Request for Production No. 23:

Copies of any and all policies of insurance, including any excess insurance policy, which provides, or may provide coverage with respect to any of the allegations contained in the Plaintiff's Complaint.

### Request for Production No. 24:

Copies of any minutes of the Governing Body of Defendant for the calendar years 2004 through 2009.

### Request for Production No. 25:

Copies of any and all budgets and budget worksheet, including any original budgets and all amendments to budgets, prepared for the operation of Defendant for the calendar years 2008 through 2009.

### Request for Production No. 26:

Any and all documentation maintained at Defendant for each employee of Emeritus at Heritage Hills who provided care or service to Oleta L. Goggans during the years 2008 through 2009 at Emeritus at Heritage Hills which is responsive to the following enumerated areas of

7

inquiry:

    (a)    Any and all applications for employment;

    (b)    Copies of any and all documentation obtained by the nursing home about the employee from any third source, such as employment reference verification information from other employers, and reports from any law enforcement or state administrative agencies or abuse reporting agencies where such document is not otherwise privileged by the state or Federal law creating the abuse reporting agency;

    (c)    Copies of any and all licensing certifications for the employee;

    (d)    Any and all documents, letters, or memorandum of commendation, complaint or comment from any and all sources, including nursing home staff and/or outside sources;

    (e)    Any and all documents submitted by the employee or recorded by the facility concerning complaints, commendation, or comment registered by the employee;

    (f)    Any and all performance evaluations completed for the employee;

    (g)    Any and all forms, letters, or notes relating to the termination of the employee's service at the nursing home, including writings completed by the employee, or any other member of the nursing home's staff, administration, or other persons;

    (h)    Any and all records of in-service programs the employee attended while under Defendant' employ, including any documents the employee received at such in-service programs;

    (i)    Any and all documents utilized in or acknowledging any orientation or training the employee underwent while employed by Defendant;

(j)    A copy of the job description for each employee who provided care to Oleta L. Goggans or otherwise participated in the care provided to Oleta L. Goggans, including, but not limited to, any Executive Director, Residential Care Director, Registered Nurses, Licensed Practical Nurses, Aides, Certified Nursing Assistants, Charge Nurses, Director of Nursing, Assistant Director of Nursing, Social Worker, Social Services personnel, Activities personnel, Physical Therapist, Occupational Therapist, Speech Therapist, Physical Therapist Aides, Speech Therapist Aides, Occupational Therapist Aides, Dietary Aides, Dietician, Infection Control Nurse, Treatment Nurse, and the Administrator.

### Request for Production No. 27:

Produce the list of all employees who attended any social service orientation and/or in-service training for employees with contact with patients, (in accordance with Rules and Regulations, Personal Care Homes, or otherwise) during the calendar years 2008 through 2009.

### Request for Production No. 28:

Any and all records of consumer or employee complaints identified in response to Plaintiff's First Interrogatories to Defendant.

### Request for Production No. 29:

A copy of each and every document identified in your answers to Plaintiff's First Interrogatories.

### Request for Production No. 30:

A copy of any Management Agreement or Contract in place for the management of Emeritus at Heritage Hills during the residency of Oleta L. Goggans.

<u>Request for Production No. 31</u>:

The audited financial statements of Defendant for the calendar years 2007 through 2009.

<u>Request for Production No. 32</u>:

Please identify and produce a copy of any audio tapes, notes, transcripts, or any other documents arising out of or reflecting the exit interviews which occurred between the staff of the Defendant and Surveyors from the Department of Human Resources for all surveys of whatever nature conducted at Defendant' facility by the Department of Human Resources for the period of Oleta L. Goggans's residency, and the six (6) months following Oleta L. Goggans's departure from Defendant' facility.

<u>Request for Production No. 33</u>:

A diagram of the Emeritus at Heritage Hills facility as it existed at the time of Oleta L. Goggans's residency.

<u>Request for Production No. 34</u>:

A copy of those documents related to any sale of the facility at any time from 2004 until the present time, in the following categories:

a)     The final sale documents that describe the terms of any such sale.

b)     Memorandum or letters to employees notifying them of the impending sale, actual sale and/or explaining the sale to them.

c)     Memorandum or letters to residents and their families notifying them of the impending sale, actual sale and/or explaining the sale to them.

<u>Request for Production No. 35</u>:

A copy of any and all newsletters circulated from or by you to employees, residents, and/or resident's families, specifically including but not limited to any facility-specific

newsletters during the residency of Oleta L. Goggans and the next issue immediately following her residency.

<u>Request for Production No. 36:</u>

A copy of your Corporate Bylaws as they existed during the residency of Oleta L. Goggans.

<u>Request for Production No. 37:</u>

A copy of any and all associate handbooks or other employee manuals as they existed in 2007 through 2009.

<u>Request for Production No. 38:</u>

A copy of any and all schedules, assignment sheets, and employee sign-in sheets, for the units that Oleta L. Goggans was assigned in 2009.

<u>Request for Production No. 37:</u>

A copy of any and all Clinical Measures and facility Scorecards related to Defendant during or related to the residency of Oleta L. Goggans.

BY COUNSEL

**LAW OFFICES OF DANIEL W. COTTER, P.C.**

_____

Daniel W. Cotter
Georgia Bar Number 189599
910 Church Street
Decatur, GA 30030
Tel: 404-377-5775


**BROOKS, LEBOEUF, BENNETT
FOSTER & GWARTNEY, P.A.**

11

Scott E. Gwartney
Georgia Bar Number 315955
909 East Park Avenue
Tallahassee, FL 32301
Tel: 850-222-2000

## IN THE STATE COURT OF MUSCOGEE COUNTY
## STATE OF GEORGIA

LYDIA G. BECK, Individually and as )
Executor of the ESTATE OF OLETA L. )
GOGGANS, )
                     )
        Plaintiffs, )
vs. )
                     )
EMERITUS CORPORATION )
Operating As EMERITUS AT )
HERITAGE HILLS, )
                     )
        Defendants. )

CIVIL ACTION FILE NO.
SC11CV1134

## <u>NOTICE OF FILING NOTICE OF REMOVAL</u>

PLEASE TAKE NOTICE that Emeritus Corporation, operating as Emeritus at Heritage Hills,

Defendant in the above-styled action has, on this date, filed its Notice of Removal, a copy of which

is attached hereto, in the office of the Clerk of the State Court, in and for Muscogee County,

Georgia.

This 5th day of August, 2011.

LEWIS BRISBOIS BISGAARD & SMITH, LLP

_____

Kirsten K. Ullman
Georgia Bar No. 159094
kullman@lbbslaw.com
Brantley C. Rowlen
Georgia Bar No. 153031
Rowlen@lbbslaw.com
*Attorneys for Defendants*
3812 Coconut Palm Drive, Suite 200
Tampa, Florida 33619
(813) 739-1900 (Telephone)
(813) 739-1919 (Facsimile)

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing **Notice of Filing of Notice of Removal** has been furnished via Facsimile and United States Mail upon all counsel of record.

Daniel W. Cotter, Esq.
LAW OFFICES OF DANIEL W. COTTER, P.C.
910 Church Street, Suite 202
Decatur, Georgia  30030

Scott E. Gwartney, Esq.
BROOKS, LEBOEUF, BENNETT, FOSTER, & GWARTNEY, P.A.
909 East Park Avenue
Tallahassee, Florida 32301

This 5th day of August, 2011.

Kirsten K. Ullman
Georgia Bar No. 159094
kullman@lbbslaw.com
Brantley C. Rowlen
Georgia Bar No. 153031
Rowlen@lbbslaw.com
LEWIS BRISBOIS BISGAARD & SMITH, LLP
*Attorneys for Defendants*
3812 Coconut Palm Drive, Suite 200
Tampa, Florida 33619
(813) 739-1900 (Telephone)
(813) 739-1919 (Facsimile)

## IN THE STATE COURT OF MUSCOGEE COUNTY
## STATE OF GEORGIA

LYDIA G. BECK, Individually and as )
Executor of the ESTATE OF OLETA L. )
GOGGANS, )            CIVIL ACTION FILE NO.
                               )            SC11CV1134
     Plaintiffs, )
vs. )
                               )
EMERITUS CORPORATION )
Operating As EMERITUS AT )
HERITAGE HILLS, )
                               )
     Defendants. )

## <u>CERTIFICATION OF NOTICE OF REMOVAL</u>

TO:   Ms. Linda Pierce
      Clerk of State Court Muscogee County
      Post Office Box 2145
      Columbus, Georgia 31902

In compliance with 28 U.S.C. §1446(d), you are hereby notified of the filing of a Notice of Removal of State Court Case No. SC11CV1134, styled LYDIA G. BECK, Individually and as Executor of the Estate of OLETA L. GOGGANS, Plaintiff v. EMERITUS CORPORATION Operating As EMERITUS AT HERITAGE HILLS, Defendant, to the United States District Court for the Middle District of Georgia, Columbus Division.  A copy of the Notice of Removal is attached hereto.

4830-0597-8373.1

This 5th day of August, 2011.

LEWIS BRISBOIS BISGAARD & SMITH, LLP

Kirsten K. Ullman
Georgia Bar No. 159094
Brantley C. Rowlen
Georgia Bar No. 153031
*Attorneys for Defendants*
3812 Coconut Palm Drive, Suite 200
Tampa, Florida 33619
(813) 739-1900 (Telephone)
(813) 739-1919 (Facsimile)

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing **Certification of Notice**

**of Removal** has been furnished via Facsimile and United States Mail upon all counsel of record.

Daniel W. Cotter, Esq.
LAW OFFICES OF DANIEL W. COTTER, P.C.
910 Church Street, Suite 202
Decatur, Georgia  30030

Scott E. Gwartney, Esq.
BROOKS, LEBOEUF, BENNETT, FOSTER, & GWARTNEY, P.A.
909 East Park Avenue
Tallahassee, Florida 32301

This 5th day of August, 2011.

Kirsten K. Ullman
Georgia Bar No. 159094
kullman@lbbslaw.com
Brantley C. Rowlen
Georgia Bar No. 153031
Rowlen@lbbslaw.com
LEWIS BRISBOIS BISGAARD & SMITH, LLP
*Attorneys for Defendants*
3812 Coconut Palm Drive, Suite 200
Tampa, Florida 33619
(813) 739-1900 (Telephone)
(813) 739-1919 (Facsimile)